**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 5:18-cr-00070-KKC-1 |
| **RYAN COMBS,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT & RECOMMENDATION**

The Court, on referral from Judge Caldwell, considers reported violations of supervised release conditions by Defendant Ryan Combs ("Combs"). Considering the record, proffer, and Combs's allocution at the revocation hearing, the Court recommends that the District Court revoke Combs's term of supervised release and sentence him to 5 months' imprisonment, with 30 months of supervised release to follow, inclusive of an additional condition that Combs participate in outpatient mental health treatment.

**I.   BACKGROUND**

In September 2018, Combs pleaded guilty to possession of a firearm as a convicted felon, the Indictment's sole count. [DE 18]. On January 10, 2019, Judge Caldwell sentenced Combs to 30 months' imprisonment, to be followed by 3 years of supervised release. [DE 22]. Combs was released from custody and began serving his initial supervised release term on July 8, 2021. His Judgment particularly included the following special supervised release conditions:

**Special Condition #1:** You must abstain from the use of alcohol.

**Special Condition #4:** You must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

[*Id.*]. The judgment further required Combs to submit to mandatory drug testing as a component of his supervised release. [*Id.*].

On September 27, 2021, United States Probation Officer Kevin Riley ("Officer Riley") submitted correspondence alleging three violations of Combs's above-referenced conditions of release. First, on July 12, 2021, Combs reported for his first post-custody visit at the United States Probation Office ("USPO") and submitted a drug test that reflected alcohol use (Violation 1). Combs conceded alcohol use and signed a positive test admission form. He subsequently tested negative for alcohol and other substances on July 19, 2021. Second, on August 26, 2021, following a negative drug test (but while the sample was still pending laboratory testing), Combs admitted that he had intentionally attempted to dilute the sample by consuming a commercially purchased detoxification beverage (Violation 2). Combs stated to Officer Riley that he purchased the beverage to conceal alcohol use, which he conceded had occurred on August 25, 2021 (Violation 3). In response to the September 27 Violation Report, Judge Caldwell issued a summons for Combs's October 4, 2021 appearance before her on the alleged violations. [DE 23].

Immediately before the October 4 hearing, however, Officer Riley noticed a string on Combs's waistband during a urinalysis test and suspicious behavior from Combs; ultimately, Officer Riley observed a medicine bottle tucked into Combs's underwear, whose contents spilled onto Combs's clothing. Officer Riley nonetheless instructed Combs to appear for the subsequent hearing as ordered by Judge Caldwell. However, Combs failed to appear for the hearing, and Judge Caldwell thus issued a warrant for his arrest. [DE 25, 26]. As a result of this incident, on October 5, 2021, Officer Riley also submitted an Addendum to the September 27 Violation Report, alleging that Combs had violated Special Condition #4 (Violation 4). The Marshal Service arrested Combs on the pending violations on October 12, 2021. [DE 30].

## II.   PROCEDURAL HISTORY

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on October 14, 2021.  [DE 29].  The Court advised Combs of his constitutional rights, including his right to a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(b)(1)(A).  Combs knowingly, voluntarily, and intelligently waived his right to a preliminary hearing; thus, the Court found probable cause that the allegations in the violation report were true.  The United States also moved for interim detention, and Combs did not seek release.  The Court thus found that Combs failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a) and ordered that Combs remain in custody pending the final hearing.

At the final hearing on October 21, 2021, the Court found Combs to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations.  For purposes of the Rule 32.1 proceedings, Combs admitted the factual bases for the violations as described in the violation report.  Accordingly, the Court found that the United States established the reported violations (Violations 1-3 as reflected in the September 27 Violation Report, and Violation 4 as reflected in the October 5 Addendum) pursuant to 18 U.S.C. § 3583(e).  [DE 31].

Each of Combs's four violations is a Grade C violation under the Guidelines.  "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  United States Sentencing Guidelines ("USSG") § 7B1.2(b).  The Court thus utilizes Grade C for Guidelines determination purposes in this case.  Combs's criminal history category, as established at the time of his original Judgment, is Category III.  The parties do not dispute that the applicable Guidelines imprisonment range is thus 5 to 11 months.  *See* USSG § 7B1.4(a). The statutory maximum imprisonment term upon any revocation is 24 months, given Combs's Class C felony status, and the maximum term of supervised release that could be

reimposed is 36 months, less any term of imprisonment imposed upon revocation. 18 U.S.C. §§ 3583(e)(3), (h).

At the final hearing, the defense broadly advocated for a noncustodial revocation sentence, to include mandatory inpatient substance use disorder treatment and, as a condition of subsequent supervision, mental health treatment. The United States advocated for a sentence at the low end of the Guidelines range but did not dispute Combs's need for mental health treatment. The Court endeavors to strike an apt balance across all sentencing purposes and statutory factors and recommends a bottom-Guidelines imprisonment sentence, with required outpatient mental health treatment to follow as a component of Combs's further supervised release.

### III.     ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Combs's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e). Given Combs's repeated alcohol use during his very brief time under supervision, the escalating deception efforts, and the seriousness of Combs's original offense (that involved a weapon and surrounding drug presence, compounding the present substance use disorder concerns), the Court recommends that the District Judge revoke Combs's current term of supervision based on the instant violations. Considering the incorporated § 3553(a) factors, revocation is warranted to appropriately reflect the circumstances surrounding the instant violations and Combs's original offense, to adequately deter Combs from future criminality, and to protect the public from any such future crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C). Revocation is also a necessary consequence for Combs's abuse of the Court's trust. *See* USSG § 7, Pt. A. intro. comment 3(b) (observing that "revocation . . . should sanction primarily the defendant's breach of trust").

In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Combs's original offense involved possession of a firearm by a convicted felon. Moreover, per the Presentence Investigation Report ("PIR"), the circumstances surrounding Combs's original offense and arrest are aggravating and also reflect substance use disorder issues. [PIR ¶¶ 4–8].[1] Upon Combs's 2018 apprehension at his grandmother's home in Berea, he persistently gave law enforcement a false name and, when ultimately arrested and searched, was found to be in possession of marijuana, a few grams of methamphetamine, drug paraphernalia, a loaded pistol, and ammunition. Officers further located a scale, plastic bags, and other evidence of potential trafficking inside Combs's residence following a consent search.

These offense circumstances and substance use disorder indicators unfortunately dovetail with Combs's prior criminal history; though relatively few, the offenses are also relatively recent, and they collectively reinforce the worrisome thread of violence, weapons possession, and illicit substance use spanning Combs's background. In 2013, Combs was convicted of violating a domestic violence order when he threatened to kill the (unnamed) petitioner. [PIR ¶ 26]. In 2015, Combs was convicted of wanton endangerment of a police officer, resisting arrest, and carrying a concealed deadly weapon after an altercation at Walmart. [*Id.* ¶ 27]. And in late 2016, not long before commencement of the conduct underlying the instant federal case, Combs was convicted of possession of marijuana and sleeping pills. [*Id.* ¶ 28]. The PIR further reflects Combs's lengthy history of personal and familial substance use disorder, as confirmed by the defense at the final

---

[1] Combs did not object to the PIR, and Judge Caldwell previously adopted it in full as the Court's factual findings at Combs's original sentencing. [DE 20].

5

supervised release hearing in this matter. [*Id.* ¶ 48]. The overlap between the conduct in Combs's criminal history, the circumstances surrounding his underlying offense, and the current violations is aggravating, as it highlights themes of substance use disorder and related potential for violence.[2] *See* 18 U.S.C. § 3553(a)(1)

Combs's brief record on supervised release confirms the extent of his persisting substance use disorder struggles. He began consuming alcohol shortly after his release from custody in July 2021, and he has since engaged in escalating deception efforts to conceal his alcohol use from the USPO and from the Court. Given Combs's history and his underlying offense, the quick downward progression prompts concern that Combs's conduct, if unchecked, will become increasingly destructive. Combs's failure to appear for the previous hearing for Judge Caldwell is further aggravating, particularly in light of the prior efforts to tamper with drug testing and conceal alcohol use. These considerations underscore the need for the current revocation sentence to deter Combs from future, escalating criminal conduct and to protect the public from such a dangerous spiral. *See* 18 U.S.C. §§ 3553(a)(2)(B), (C). For these reasons, the Court views a Guidelines sentence as appropriate in this instance. Such a sentence reflects the salient § 3553(a) factors, as discussed, and accords the Guidelines themselves proper consideration.

However, other aspects of Combs's history and characteristics, *see* § 3553(a)(1), as well as § 3553(a)(2)(D)'s aim to provide correctional and other treatment in the most effective manner, drive the Court to a bottom-Guidelines custodial sentence, accompanied by needed mental health treatment. As defense counsel emphasized at Combs's final hearing, Combs experienced difficult formative years, marked by substance use issues within his family, particularly alcoholism. His

---

[2] These considerations were appropriately reflected in Judge Caldwell's ultimate sentence of 30 months' imprisonment on the underlying offense (the highest end of the Guidelines range), a factor the Court considers as slightly favoring Combs in the current posture.

6

parents were largely absent for much of his childhood, per the PIR, and it is unsurprising under the regrettable circumstances that Combs himself has battled substance use disorder issues throughout his life. The Court further credits Combs's (eventual, after the fact) acceptance of responsibility, both for his underlying criminal offense and for the instant supervised release violations. Relatedly, the Court appreciates Combs's thoughtful allocution and ostensibly genuine motivation to engage with the drug treatment he needs and to pursue mental health treatment that he readily acknowledges would benefit him.

These mitigating considerations guide the Court toward a revocation sentence of 5 months, the low end of the applicable Guideline range. They further counsel an additional mental health treatment requirement during the period of supervision to follow. The Court recommends that the District Judge reimpose a 30-month term of supervised release, to place Combs's supervised release expiration date roughly where Judge Caldwell originally intended, as the instant violations occurred so early in Combs's current term. The Court perceives that, on balance, a sentence of 5 months' imprisonment is sufficient but not greater than necessary to achieve the revocation sentencing goals, and it will allow Combs to soon reintegrate back into the community and to fully embrace outpatient substance use disorder treatment, with additional mental health support going forward.[3]

---

[3] Though the defense briefly advocated for inpatient substance use disorder treatment as an alternative to revocation and imprisonment, generally, it did not meaningfully develop such a request based on the specific facts or recommend a treatment facility or program type. The Court thus does not adopt the suggestion as vaguely framed. The Court recommends revocation and an imprisonment sentence for the reasons herein discussed. Nor does the record, at this time, reflect acute need for inpatient treatment *following* a custodial sentence. The Court perceives outpatient substance use disorder and mental health treatment as the most apt and least restrictive conditions under the circumstances, as they would permit Combs to begin rebuilding his life—armed with critical coping tools—out of custody. Should the calculus change when Combs recommences supervised release following any revocation sentence imposed by the District Judge, the USPO can reassess and may approach the Court to request any warranted modification of conditions.

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1) Combs be found guilty of all violations;

(2) Combs's current term of supervised release be **REVOKED**;

(3) Combs be sentenced to an incarceration period of **FIVE (5) MONTHS**; and

(4) Combs serve a 30-month term of further supervised release to follow, inclusive of the following specific condition in addition to the conditions already imposed by the underlying Judgment:

   a. Combs shall participate in outpatient mental health treatment, with the details of such programming to be determined by the United States Probation Office.

Combs preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Caldwell's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 5th day of November, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge